UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 10-288 (RHK/JSM) (11) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CARLA Y. ALDRICH, | |
| Defendant. | |

The above matter came on before the undersigned upon Defendant Carla Y. Aldrich's oral request at the March 22, 2011 criminal motions hearing for the production of the rough notes of Deputy Christian Freichels.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order:

IT IS HEREBY ORDERED that: the oral request at the March 22, 2011 criminal motions hearing for the production of the rough notes of Deputy Christian Freichels is **DENIED**.

Dated:      April 11, 2011

                                                    s/ *Janie S. Mayeron*
                                                  JANIE S. MAYERON
                                                  United States Magistrate Judge

## **MEMORANDUM**

During the March 22, 2011 criminal motions hearing, defendant Carla Aldrich's ("Aldrich") counsel requested this Court order the "Government produce the rough notes that were testified about on the stand related to surveillance." March 22, 2011

Transcript ("Tr."), 163.  The Court ordered an in camera inspection of the notes.  Id. Aldrich provided no argument to this Court as to why she was entitled to the production of the rough notes of Deputy Christian Freichels ("Deputy Freichels"), leaving this Court to guess as to their relevance and the basis for their production.  From what this Court can discern from the transcript of the proceedings, Aldrich seeks the rough notes to discover whether law enforcement observed her stopping to purchase a radiator hose during her travel from White Castle in Saint Paul to 50th and Nicollet, where she was stopped by police, and to learn which officer had Aldrich under surveillance during this time.  Tr. 148-51.

This Court looks to Rule 16(a)(1)(A), Rule 26.2, Brady, Giglio and their progeny, and the Jencks Act,[1] to determine if Aldrich is entitled to production of rough notes. Agent notes do not qualify as Rule 16 materials because the notes constitute the agent's impressions and not a statement.  See United States v. Malone, 49 F.3d 393, 396 (8th Cir. 1995) (citing United States v. Willis, 997 F.2d 407, 413-14 (8th Cir. 1993)). Further, Rule 26.2 only requires the production of statements.  See FED. R. CRIM. PRO. 26.2 (a), (f).  Under Brady, the Government is required to disclose evidence which may be favorable or exculpatory to defendant and has a material bearing on the issue of guilt or punishment.  This rule extends to evidence with impeachment value.  See United States v. Williams, 194 F.3d 886, 889 (8th Cir. 1999) (citing United States v. Wayne, 903 F.2d 1188, 1192 (8th Cir. 1990)); see also Giglio, 405 U.S. at 154-55; United States v. Hudson, 813 F. Supp. 1482, 1490 (D. Kan. 1993) (citing United States v. Bagley, 473

---

[1]   See 18 U.S.C. § 3500; Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963).

2

U.S. 667, 676 (1985)). "However, it is incumbent upon the defendant to establish materiality of requested but undisclosed material with possible impeachment value." Hudson, 813 F. Supp. at 1490 (citation omitted). Under the Jenks Act, while the reports of investigators may fall within its ambit, "investigating agents rough notes are not automatically Jencks Act statements." Hudson, 813 F. Supp. at 1490 (citations omitted). This is because rough notes are often "'not complete, are truncated in nature, or have become an unsiftable mix of witness testimony, [and] investigators' selections, interpretations, and interpolations.'" Hudson, 813 F. Supp. at 1490 (citation omitted). Further, rough notes, which the agent does not intend to constitute a final report, are not "'adopted or approved by the agent' as required by section 3500(e)." Id. (citation omitted).

The Court has reviewed both Deputy Freichels' report and the underlying rough notes in camera and finds no basis to order the production of the rough notes. First, they do not contain any Brady, Giglio or Jencks Act material. Second, with respect to the vehicle Aldrich was driving, there is no mention of it stopping at an automotive supply store as it proceeded from the White Castle to 50th and Nicollet. Third, the Court cannot discern from the notes who was conducting surveillance of the car between the White Castle and 50th and Nicollet.

For all of the reasons stated above, Aldrich's request for the production of rough notes is denied.

J.S.M.